(Opinion published 56 N. W. Rep. 818.)

---

HUNTRESS–BROWN LUMBER Co. *vs.* M. G. WYMAN *et al.*

Argued Nov. 8, 1893.    Affirmed Nov. 13, 1893.

No. 8457.

**New trial for accident and surprise.**

> *Held*, that the court was justified in granting a new trial on the ground of "accident or surprise which ordinary prudence could not have guarded against."

Appeal by defendants, M. G. Wyman and over one hundred others, from an order of the District Court of St. Louis County, *Charles L. Lewis*, J., made June 3, 1893, granting a new trial.

Huntress-Brown Lumber Company, a corporation, brought this action for an accounting as to the proceeds of a large quantity of lumber manufactured by it and on which the appellants had liens for labor. The lumber had been delivered to John J. Costello, as trustee for all parties in interest, to sell it, pay expenses and the liens of the defendants and account to plaintiff for the balance. Costello was joined as a defendant. He soon after died testate and his widow proved the will and she and John T. Lucas received letters testamentary. Lucas resigned and the widow was substituted defendant April 15, 1893, in place of her deceased husband. The issues in the action were soon after brought to trial before the Court. Findings of fact were made and judgment ordered charging the estate with $3,643.20 net proceeds of the lumber in Costello's hands at his death and ordering it distributed *pro rata* among the laborers upon their liens. The executrix moved for a new trial on the ground of accident and surprise which ordinary prudence could not have

guarded against. Numerous affidavits were read at the hearing. The Court granted the motion and the lien claimants appeal.

D. M. *De Vore* and E. J. *Hill,* for appellants.

O. W. *Baldwin,* for respondent.

MITCHELL, J.   Without attempting to discuss at length the contents of the affidavits on the motion for a new trial, we would simply say that we are satisfied from an examination of the record that, in view of all the facts,—as, for example, the death of Costello, the original defendant, the resignation of the active executor of his estate, the ignorance of Mrs. Costello, the only remaining resident executor, of the exact situation of the cause, the fact that Costello was only trustee for another person, who was not a party to the suit, and the probable consequent misunderstanding as to which party should defend the action, coupled with the additional fact that so short a time intervened between the substitution of the executors as parties and the trial of the action,—taken all together, presented a case peculiarly addressed to the sound discretion of the trial court as to whether the parties had not made out a case of accident and surprise from the consequences of which they ought to be relieved, and permitted to try the action on its merits.   We fail to see any abuse of discretion under the circumstances in the court's granting a new trial.

The contention of appellants that they were entitled to judgment on the pleadings is not correct; for if, as the answer alleges, as we construe it, the actual possession and control of the property was turned over to Costello before appellants levied on it, it is immaterial whether the original agreement between plaintiff and Costello constituted a bailment or a conditional sale; and, even if it constituted a conditional sale, the failure to file the contract would not render it void as to appellants if they had actual notice of the state of the title at the time of the levy.

Order affirmed.

(Opinion published 56 N. W. Rep. 896.)